Filed Via Mail
SEP 09 2022
CLERK, US BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
Tampa DIVISION
12 Pages Scanned by CT

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

In Re   James Martin Heyward

____Debtor_____/         Case 8:22-bk-02771-RCT

## MOTION FOR ORDER TO SHOW CAUSE
## AND EVIDENTIARY HEARING

Comes Now James Martin Heyward, and moves this court for an entry of an Order To Show Cause and Evidentiary Hearing requiring Keith Labell Esq. and Robertson, Anschutz, Schneid, Crane & Partners, PLLC (hereinafter Robertson & Partners) any clients they actually represent to show cause why each should not be sanctioned, including monetarily pursuant the inherent power of the court.

1. Did Keith Label Esq. and Robertson & Partners knowingly falsely allege jurisdictional facts and claims of representation, and then persist in maintaining those falsehoods in pleadings filed with the Bankruptcy Court?

2. Did the false allegations made by the law firms and counsel in the Proof of Claim and other pleadings filed with the Bankruptcy Court constitute "frauds on the court" made in bad faith?

3. Should this Bankruptcy Court order Keith Label Esq. and Robertson & Partners to show cause why they and any clients they actually represent should not be sanctioned pursuant to the inherent authority of the Court?

4. Should the Bankruptcy Court order Keith Label Esq. and Robertson & Partners to show cause why they should not be sanctioned pursuant 28 U.S.C. § 1927?

**Evidence Relied Upon:**

James Martin Heyward relies on his own declaration in support of this motion and also relies on the filings made by Keith Label Esq. and Robertson & Partners in this case.

**Facts:**

Keith Label Esq. and Robertson & Partners entered a Request for Service in the instant case and on September 2, 2022 filed a Proof of Claim which in pertinent part states that:

1

"PLEASE TAKE NOTICE that the undersigned hereby appears on behalf of DEUTSCHE BANK NATIONAL TRUST COMPANY AS TRUSTEE FOR INDYMAC INDX MORTGAGE LOAN TRUST 2005-AR2, MORTGAGE PASS-THROUGH CERTIFICATES SERIES 2005-AR2. ("Secured Creditor").

The "undersigned" is Keith Labell Esq., Robertson, & Partners

Keith Labell Esq. acting in his capacity as "officer of the court" to the Bankruptcy Court in the context of this case filed the Proof of Claim.

The Proof of Claim Part 1:1 documents a fraud made by Keith Labell Esq. and Robertson & Partners, which states that the Secured Creditor named on the Proof of Claim is "DEUTSCHE BANK NATIONAL TRUST COMPANY AS TRUSTEE FOR INDYMAC INDX MORTGAGE LOAN TRUST 2005-AR2, MORTGAGE PASS-THROUGH CERTIFICATES SERIES 2005-AR2.

Page three of the Proof of Claim is signed by Keith Labell Esq. of Robertson & Partners with the title of "Authorized agent for Secured Creditor".

The Proof of Claim clearly implies that Keith Labell Esq. and Robertson & Partners have attorney-client relationship with "DEUTSCHE BANK NATIONAL TRUST COMPANY AS TRUSTEE FOR INDYMAC INDX MORTGAGE LOAN TRUST 2005-AR2, MORTGAGE PASS-THROUGH CERTIFICATES SERIES 2005-AR2.

DEUTSCHE BANK NATIONAL TRUST COMPANY AS TRUSTEE is representing INDYMAC INDX MORTGAGE LOAN TRUST 2005-AR2, MORTGAGE PASS-THROUGH CERTIFICATES SERIES 2005-AR2. and in order to grant authority to a third party such as Keith Labell Esq. and Robertson & Partners to act on behalf of the Trust it is required to have the Board of Directors of the Trust to expressly authorize and approve in writing the engagement and or retaining of the services of Robertson & Partners to represent Deutsche Bank National Trust Company as Trustee and the Trust in the instant case.

The INDYMAC INDX MORTGAGE LOAN TRUST 2005-AR2, MORTGAGE PASS-THROUGH CERTIFICATES SERIES 2005-AR2 is a Real Estate Mortgage Investment Conduit (REMIC) and is governed by a document entitled Pooling And Servicing Agreement (PSA) or sometime Prospectus, which is filed on the website "sec.gov". The PSA specifies the way the trust must be administered and also specifies which named entities are empowered to take specific actions. The PSA is the controlling document of a REMIC Trust and it dictates the actions that may be taken on behalf of the Trust and by whom; no legitimate actions can be taken that do not comply with the PSA.

Section 3.12 of the PSA clearly states that matters of foreclosure and collection of money are the duties of the Servicer, NOT the duties of the Trustee.

REMIC Trusts are similarly obliged to comply with rules laid down by the Securities & Exchange Commission (SEC) and the IRS. Therefore, for clarification, attached hereto as Annex " A" is a letter from another National Bank acting as Trustee for a REMIC trust which explains in detail the responsibilities of the servicer and the dearth of responsibilities of the Trustee This letter echoes the instructions of the PSA stating that;

> "The Servicer is that party to the trust that has the authority and responsibility to make decisions and take actions regarding individual mortgage loans in the trust. The trustee has no authority or responsibility to review and or approve or disapprove of these decisions and actions. It is the servicer who has taken the all actions regarding the property and is the proper party to address your concerns."

On information and belief it is therefore alleged that there is no attorney-client relationship between Robertson & Partners and Deutsche Bank National Trust Company as Trustee, which is the name that appears on the Proof of Claim.

These two frauds include:

*1. Law firm, through attorneys, purporting to represent entities with whom they had no attorney-client relationship.*
*2. Collusion of Robertson & Partners and its attorneys, and parties in filing false claim as being true.*

**ARGUMENT**

**1. Robertson & Partners and its Attorneys and Actual Parties Manufactured the Proof of Claim by Making False Statements that they are a Represented Party.**

As a threshold issue James Heyward has an unconditional right to question the authority of Keith Labell Esq and Robertson & Partners in making a claim of representation on behalf of DEUTSCHE BANK NATIONAL TRUST COMPANY AS TRUSTEE FOR INDYMAC INDX MORTGAGE LOAN TRUST 2005-AR2, MORTGAGE PASS-THROUGH CERTIFICATES SERIES 2005-AR2.

The Motion to Prove Authority (See Heyward Decl. Exhibit A) constitutes prudential standing challenge to the actual parties that Keith Labell Esq. and Robertson & Partners represent.

It is well established that unless attorneys can meet clearly defined criteria, law firms and individual attorneys cannot represent parties with whom they have no fiduciary attorney-client

relationship. The Supreme Court has addressed as a matter involving third party standing the issue of attorneys attempting to represent clients who have not retained them. For example, in *Kowalski v. Tesmer*, 543 U.S. 125 (2004) two attorneys brought a constitutional challenge to Michigan's procedures for appointing appellate counsel for indigent defendants who plead guilty.

Assuming the attorneys had Article III standing, the Court considered "the alternative threshold question whether they [the attorneys] have standing to raise the rights of others."

The *Kowalski* Court employed a two-prong test for allowing attorneys to assert third party standing, consisting of 1) whether the party asserting the right has a "close" relationship with the person who possesses the right; and 2) whether there is a "hindrance" to the possessor's ability to protect his own interests. *Id at 130.*

Applying these tests, the Court found the attorneys met neither. *Id.* at 131-32. The same result should be reached here where the evidence suggests attorneys colluded together to create a Proof of Claim without ever discussing the particulars of the claim with INDYMAC INDX MORTGAGE LOAN TRUST 2005-AR2, MORTGAGE PASS-THROUGH CERTIFICATES SERIES 2005-AR2. or DEUTSCHE BANK NATIONAL TRUST COMPANY AS TRUSTEE

This Court cannot ignore these attorneys lack of standing to make blatantly false representations that they had an attorney-client relationship with INDYMAC INDX MORTGAGE LOAN TRUST 2005-AR2, MORTGAGE PASS-THROUGH CERTIFICATES SERIES 2005-AR2. or DEUTSCHE BANK NATIONAL TRUST COMPANY AS TRUSTEE for the Trust. Indeed, because "[t]he issue of standing is jurisdictional" this Court must address whether Keith Labell and Robertson & Partners had standing to make any representations to the Bankruptcy Court (and especially to file a Proof of Claim) on behalf of an entity they did not and do not represent.
See *United States v. Hays,* 515 U.S. 737, 742 (1995)( "The federal courts are under an independent obligation to examine their own jurisdiction, and standing is perhaps the most important of [the jurisdictional] doctrines."); *see also Chapman v. Pier 1 Imports (US), Inc.,* 631 F.3d 939, 954 (9th Cir. 2011)("[f]ederal courts are required sua sponte to examine jurisdictional issues such as standing.").

**2. The Law Firm, Attorneys, and Clients who Knowingly Participated in Fraud on the Court Should be Sanctioned.**

Attorneys falsely claiming to represent INDYMAC INDX MORTGAGE LOAN TRUST 2005-AR2, MORTGAGE PASS-THROUGH CERTIFICATES SERIES 2005-AR2. or DEUTSCHE BANK NATIONAL TRUST COMPANY as Trustee for the Trust involves willful misconduct and fraud on the court.

Ninth Circuit Court of Appeals defined "fraud upon the court" to include "a fraud perpetrated by officers of the court so that the judicial machinery cannot perform in the usual manner its impartial task of adjudging cases that are presented for adjudication." *In re Intermagnetics Am., Inc.*, 926 F.2d 912, 916 (9th Cir. 1991).

Here, Keith Labell Esq. and Robertson & Partners signing the Proof of Claim and filing it in the Bankruptcy Court under penalty of perjury are making false claim for INDYMAC INDX MORTGAGE LOAN TRUST 2005-AR2, MORTGAGE PASS-THROUGH CERTIFICATES SERIES 2005-AR2. or DEUTSCHE BANK NATIONAL TRUST COMPANY as Trustee for the Trust and as such committed a fraud on the United States judicial department.

In *United States v. Thoreen*, 653 F.2d 1332 (9th Cir. 1981) Judge Tanner found attorney Thoreen to have engaged in contumacious misbehavior warranting criminal sanctions for misrepresenting a party to the Court. In that case, Thoreen had a person who was not actually the defendant in a criminal case sit at the counsel table and act as if he was the real defendant. Police officers and others identified the imposter as the person who committed the crime. When attorney Thoreen revealed the imposter was not the defendant, Judge Tanner was not amused. He held attorney
Thoreen in criminal contempt.

Thoreen argued in his defense that his conduct "was a good faith tactic in aid
of cross examination" and fell "within the protected realm of zealous advocacy."
*Thoreen*, 653 F.2d at 1338. This Court did not agree and concluded:

> The latitude allowed an attorney is not unlimited. He must represent his client within the bounds of law. ... CPR Canon 7. As an officer of the court, he "must preserve and promote the efficient operation of our system of justice.
> * * *
> It is fundamental that in relations with the court, defense counsel must be scrupulously candid and truthful in representations of any matter before the court. This is not only a basic ethical requirement, but it is essential if the lawyer is to be effective in the role of advocate, for if the lawyer's reputation for veracity is suspect, he or she will lack the confidence of the court when it is needed most to serve the client.

Id., at 1339.

> Ethical standards establish the outermost limits of appropriate and sanctioned attorney conduct. While we acknowledge that a court's power to discipline or disbar an attorney " 'proceeds upon very different grounds' from those which support a court's power to punish for contempt," *Cammer v. United States*, 350 U.S. 399, 408 n.7, 76 S.Ct. 456, 460 n.7, 100 L.Ed. 474 (1956) (quoting *Ex Parte Robinson*, 86 U.S. 505, 19 Wall. 505, 512, 22 L.Ed. 205), we consider and apply ethical benchmarks when determining whether an attorney's conduct is inappropriate to his role and thus constitutes contumacious misbehavior.

*Thoreen*, 653 F.2d at 1340.

The three frauds identified in the fact section of this brief are sanctionable under either the inherent power of court. This is because a fraud on the Court by officers of the court constitutes bad faith. *See Chambers v. NASCO, Inc.*, 501 U.S. 32, 47 (1991). Moreover, the attorney's actual client cannot escape sanctions by simply claiming the attorney is responsible for the bad faith because, assuming the existence of an actual attorney-client relationship, the attorney is his client's agent. *See Haeger*, 813 at 1246 citing *Link v. Wabash R. Co.*, 370 U.S. 626, 634, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1962); *see also Lockary v. Kayfetz*, 974 F.2d 1166, 1169–70 (9th Cir.1992).

> Federal courts have the authority to discipline attorneys appearing before them for conduct deemed inconsistent with ethical standards. [ ]"This inherent power derives from the lawyer's role as an officer of the court which granted admission."

*Molski v. Evergreen Dynasty Corp.*, 500 F.3d 1047 (9th Cir. 2007) (per curiam) (citations omitted).

Discipline may include disbarment or suspension from right to practice. *Girardi*, 611 F.3d at 1037-38. Heyward believes that the acts of attorney(s) involved in this case suggest he/they may not know truth from fantasy and perhaps should not be practicing law in courts where their lies can hurt people.

## CONCLUSION

WHEREFORE James Heyward moves this Court for an Order to Show Cause for Keith Labell Esq. and Robertson & Partners to appear for an Evidentiary hearing and Show Cause why Keith Labell Esq. and Robertson & Partners should not be sanctioned if they fail to enter into evidence:

1. Copy of the Decision of the Board of Directors of INDYMAC INDX MORTGAGE LOAN TRUST 2005-AR2, MORTGAGE PASS-THROUGH CERTIFICATES SERIES 2005-AR2 to retain the services of Robertson & Partners to represent the Trust in this case or to represent DEUTSCHE BANK NATIONAL TRUST COMPANY as Trustee for the Trust.

6

2. Letter of Engagement signed by authorized officer of INDYMAC INDX MORTGAGE LOAN TRUST 2005-AR2, MORTGAGE PASS-THROUGH CERTIFICATES SERIES 2005-AR2 addressed to Robertson & Partners to represent the Trust or from DEUTSCHE BANK NATIONAL TRUST COMPANY as Trustee for the Trust proving such Engagement.

3. Retainer agreement authorizing Robertson & Partners to act on behalf of INDYMAC INDX MORTGAGE LOAN TRUST 2005-AR2, MORTGAGE PASS-THROUGH CERTIFICATES SERIES 2005-AR2 or from DEUTSCHE BANK NATIONAL TRUST COMPANY as Trustee for the Trust.

Order to Show Cause is attached hereto.

Respectfully submitted,

By _____
James Martin Heyward, Debtor
P.O. Box 15571
Sarasota, Florida 34277
941-554-6089

### Certificate of Service

I hereby certify that on _6_ Day of _September_ 2022 A true copy of the foregoing was sent by e-mail and Overnight Express Mail to the following:

Keith Labell Esq.
Robertson, Anschutz, Schneid, Crane & Partners, PLLC
6409 Congress Ave. Suite 100
Boca Raton, Florida 33487

email – klabell@raslg.com

By _____
James Martin Heyward, Debtor
P.O. Box 15571
Sarasota, Florida 34277

# ANNEX "A"



Global Corporate Trust Services
60 Livingston Avenue
EP-MN-WS3D
Saint Paul, MN 55107

usbank.com

June 11, 2019

James Heyward
218 3rd Ave E,
Bradenton, FL 34208

Re:   218 3rd Ave E, Bradenton, FL 34208  -  Complaint

Dear Mr. Heyward:

Thank you for your request for assistance directed to U.S. Bank National Association ("U.S. Bank"). I have been asked to address your concerns on behalf of U.S. Bank and appreciate the opportunity to do so.

We researched the above referenced address and determined that we were merely the trustee for the Trust that owned the mortgage and note on this property. The servicer is the party to the Trust that has the authority and responsibility to make decisions and take action regarding individual mortgage loans in the Trust. The trustee has no authority or responsibility to review and or approve or disapprove of these decisions and actions. It is the servicer who has taken all action regarding this property and is the proper party to address your concerns.

As we are not able to address your concerns, please work with Wells Fargo Home Servicing ("Wells Fargo") as the servicer for this property. We forwarded your correspondence to Wells Fargo and requested they respond to you.

They responded and stated you may contact Brian Kent at 855-803-5719 ext 1335621426 with your concerns.

I have included a brochure that further explains the roles of the trust and the servicer that I hope you find helpful.

While U.S. Bank understands and wishes to assist you with this matter, the servicer is the only party with the authority and responsibility to make decisions regarding this mortgage and they are not affiliated with U.S. Bank in any way.

We regret that we are unable to be of further direct assistance to you regarding this matter. Please contact Wells Fargo using the information provided above so that they may assist you in a more timely and efficient manner.

Sincerely

Kevin Goldade
Corporate Trust Services
60 Livingston Ave
St Paul, MN 55107
EP-MN-WS3D
kevin.goldade@usbank.com
cc: Wells Fargo Home Servicing

# Exhibit "A"

### AFFIDAVIT AND DECLARATION OF JAMES MARTIN HEYWARD

Having been duly sworn, Affiant declares the following:

I, James Martin Hayward, the Affiant, is over the age of 21 years and is competent to state the matters included in this declaration. The Affiant has first hand knowledge of the facts, and hereby declares that the statements made in this affidavit are true, correct, complete and not meant to mislead and are made under full commercial liability.

The Affiant filed Chapter 13 Bankruptcy on July 11, 2022 In the United States Bankruptcy Court for the Middle District of Florida, Tampa division, with the case number 8:22-bk-02771

On 07/26/2022 Keith Labell Esq. with Robertson, Anschutz, Schneid, Crane & Partners, PLLC (hereinafter Robertson & Partners) filed a REQUEST FOR SERVICE in the above bankruptcy. This Request states:

> "PLEASE TAKE NOTICE that the undersigned hereby appears on behalf of DEUTSCHE BANK NATIONAL TRUST COMPANY AS TRUSTEE FOR INDYMAC INDX MORTGAGE LOAN TRUST 2005-AR2, MORTGAGE PASS-THROUGH CERTIFICATES SERIES 2005-AR2. ("Secured Creditor").

The "undersigned" person is Keith Labell Esq. as "Authorized Agent for Secured Creditor"

The Affiant understands this document to state that Keith Labell Esq. and Robertson & Partners have an attorney-client relationship with DEUTSCHE BANK NATIONAL TRUST COMPANY AS TRUSTEE FOR INDYMAC INDX MORTGAGE LOAN TRUST 2005-AR2, MORTGAGE PASS-THROUGH CERTIFICATES SERIES 2005-AR2.

On 09/2/2022 Official Form 410 - Proof of Claim, was filed in the bankruptcy. This document names the current Creditor as "DEUTSCHE BANK NATIONAL TRUST COMPANY AS TRUSTEE FOR INDYMAC INDX MORTGAGE LOAN TRUST 2005-AR2, MORTGAGE PASS-THROUGH CERTIFICATES SERIES 2005-AR2".

Form 410 further states

"I am the creditor's attorney or authorized agent" is also states

"I declare under penalty of perjury that the foregoing is true and correct"

The Proof of Claim is signed by Keith Labell Esq. using the title "Authorized Agent for Secured Creditor" and naming Robertson & Partners as "Company".

The Affiant understands this document to state that Keith Labell and Robertson & Partners are legitimately acting in the capacity of Attorney or authorized agent for "DEUTSCHE BANK NATIONAL TRUST COMPANY AS TRUSTEE FOR INDYMAC INDX MORTGAGE LOAN TRUST 2005-AR2, MORTGAGE PASS-THROUGH CERTIFICATES SERIES 2005-AR2" and that they have an attorney client relationship with that entity.

The Affiant went to the website - sec.gov and filed therein under the SEC File # 333-119384-09 is the Pooling & Servicing Agreement (PSA) for the Real Estate Mortgage Investment Conduit (REMIC trust) named "INDYMAC INDX MORTGAGE LOAN TRUST 2005-AR2, MORTGAGE PASS-THROUGH CERTIFICATES SERIES 2005-AR2". This document states that "INDYMAC BANK F.S.B. is the Servicer.

Section 3.12 of the PSA clearly states that matters of foreclosure and collection of money are the duties of the Servicer, NOT the duty of the Trustee.

The Affiant received a letter dated June 11, 2019 from US Bank with regard to a similar REMIC trust. This is mentioned as it clearly defines the duties of a servicer and trustee of a REMIC trust and states the following:

> "The Servicer is that party to the trust that has the authority and responsibility to make decisions and take actions regarding individual mortgage loans in the trust. The trustee has no authority or responsibility to review and or approve or disapprove of these decisions and actions. It is the servicer who has taken all action regarding the property and is the proper party to address your concerns."

**FURTHER THE AFFIANT SAYETH NOT.**

Signed by _____
James Martin Heyward

**STATE OF FLORIDA    )**
**COUNTY OF SARASOTA )**

      Sworn to (or affirmed) and subscribed before me by means of physical presence notarization this 6th day of September 2022 by James Martin Heyward who is known to me _____ or produced identification  X , PASSPORT.

Signature Notary Public _Maureen Plovnick_
Print Name Maureen Plovnick

**Notary Stamp**

MAUREEN ANN PLOVNICK
Notary Public - State of Florida
Commission # GG 291700
My Comm. Expires Jan 15, 2023

PO Box 15571
Sarasota FL 34277

Clerk of Court
US Bankruptcy Court
801 N. Florida Ave. # 555
Tampa
FL 33602




U.S. POSTAGE PAID
FCM LG ENV
SARASOTA FL
34239
SEP 06, 22
AMOUNT
$2.16
R2303S100650