**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

In re:                                                     Case No. 8:22-bk-02771-RCT
                                                          Chapter 13

JAMES MARTIN HEYWARD

                    Debtor.[1]

_____/

### TRUSTEE'S UNFAVORABLE RECOMMENDATION AND
### OBJECTION CONCERNING CONFIRMATION OF THE PLAN

TO:  Clerk, United States Bankruptcy Court

        Trustee's Recommendation to the Court.  The Trustee cannot recommend confirmation of

the Chapter 13 Plan at this time and objects to confirmation based on the following:

        1.        The Trustee requests the following additional documents, to be provided within

twenty-one (21) days unless otherwise specified, to determine if the Debtor has dedicated all

disposable income to the Plan and/or met the best interest of creditors test:

>        a.    Copies of all bank account statements as of the petition date and for six (6)
>               months prior to filing;
>
>        b.    Valuation/appraisal of all of the Debtor's real property as of the petition date
>               whether owned directly or indirectly through an entity or trust;
>
>        c.    Documentation relating to any trust for which the Debtor is the beneficiary,
>               trustee, or settlor.

        2.        The Plan does not appear to meet the best interest of creditor's test pursuant to 11

U.S.C. §1325(a)(4) because it appears the Plan does not pay unsecured creditors the value of

what they would receive in a case under Chapter 7.

---

[1] All references to "Debtor" shall include and refer to both of Debtors in a case filed jointly by two individuals.

a.  The Debtor has not listed the value of property on Schedule A/B: the Debtor's personal property;

b.  The Debtor is not entitled to the benefits of the exemptions under the Florida Constitution Art. X §4 or Florida Statutes §222.  An Amended Schedule C must be filed. The Debtor has resided in Florida for 5 years and therefore must use the Florida exemptions. Further, the Debtor cannot claim more than one residence as the Debtor's homestead;

c.  The Trustee is uncertain that the value of certain assets listed on Schedule A/B is correct.  Unless otherwise agreed, the Debtor must obtain an appraisal of the assets pursuant to the Court's Administrative Order Prescribing Procedures for Chapter 13 Cases;

d.  The Debtor's non-exempt real estate should remain property of the estate, with any sale, transfer, refinancing or other disposition requiring Court approval and with any appreciation in value inuring to the benefit of the allowed general unsecured claims;

3.      An Amended Plan must be filed because the Plan is unclear as to the treatment of all creditors and the Plan fails to provide for the treatment of secured creditors with claims pursuant to 11 U.S.C. §1325(a)(5) and/or 11 U.S.C. §1322.

4.      The Debtor's Statement of Financial Affairs must be amended in Part 11, Question 27 to include all businesses in which the Debtor is an officer, director, partner or managing executive, had an interest in, or otherwise owned within four (4) years immediately preceding the commencement of this case.

5.      The Debtor's Schedules D and F must be amended to list all creditors of the Debtor.

6.    The amount of the Debtor's unsecured and/or secured debt exceeds the limit for Chapter 13 under 11 U.S.C. §109(e) according to claims filed.

7.    The Debtor's Plan has not been proposed in good faith pursuant to 11 U.S.C. §1325(a)(3) because the Debtor's plan provides for no creditor or claims other than a claim which the Debtor asserts against himself.

8.    The Trustee reserves the right to request further information or raise further objections prior to or at the confirmation hearing.

I HEREBY CERTIFY that a true and correct copy of the Trustee's Unfavorable Recommendation and Objection Concerning Confirmation of the Plan was furnished electronically and/or by First Class U.S. Mail to: JAMES HEYWARD, P.O. Box 15571, Sarasota, FL 34277; and the U.S. TRUSTEE, 501 East Polk Street, Suite 1200, Tampa, Florida 33602; on this 25th day of October, 2022.

/s/ Lydia M. Gazda, Esquire
LYDIA M. GAZDA, ESQUIRE
Post Office Box 89948
Tampa, Florida 33689-0416
Phone (813) 658-1165
Facsimile (813) 658-1166
Florida Bar No. 0071842
Attorney for the Trustee

KR/LMG/ct

3